UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RITA SMITH,

    Plaintiff,                                      Case No. 17-cv-13032

v.                                                Paul D. Borman
                                                 United States District Judge

WOODWARD DETROIT CVS, LLC,
and CVS PHARMACY, INC.,

    Defendants.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (ECF NO. 37)

This is a premises liability action. On August 8, 2019, the Court issued an Opinion and Order granting Defendants' Motion for Summary Judgment. (ECF No. 35.) On August 23, 2019, Plaintiff filed a Motion for Reconsideration. (ECF No. 37.) On September 10, 2019, Defendant filed a Response. (ECF No. 39.) For the reasons that follow, the Court DENIES the motion.

**I.    LEGAL STANDARD**

"A motion for reconsideration is governed by the local rules in the Eastern District of Michigan, which provide that the movant must show both that there is a palpable defect in the opinion and that correcting the defect will result in a different

1

disposition of the case." *Indah v. U.S. S.E.C.*, 661 F.3d 914, 924 (6th Cir. 2011). Eastern District of Michigan Local Rule LR 7.1(h)(3) provides in pertinent part:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. L.R. 7.1(h)(3). "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Ososki v. St. Paul Surplus Lines Ins. Co.*, 162 F. Supp. 2d 714, 718 (E.D. Mich. 2001). "A motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted." *Ford Motor Co. v. Greatdomains.Com, Inc.*, 177 F. Supp. 2d 628, 632 (E.D. Mich. 2001). "A motion for reconsideration should not be used liberally to get a second bite at the apple, but should be used sparingly to correct *actual* defects in the court's opinion." *Oswald v. BAE Industries, Inc.*, No. 10-cv-12660, 2010 WL 5464271, at *1 (E.D. Mich. Dec. 30, 2010). "[A] motion for reconsideration is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not." *Smith v. Mount Pleasant Public Schools*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003). *See also Allen v. Henry Ford Health Sys.*, No. 08-14106, 2010 WL 653253, at *1 (E.D. Mich. Feb.

19, 2010) (holding that motions for reconsideration do not permit a party to "to raise new legal theories that should have been raised earlier" or "attempt to supplement the record with previously available evidence"). Indeed, "[i]t is well-settled that 'parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued.'" *Shah v. NXP Semiconductors USA, Inc.*, 507 F. App'x 483, 495 (6th Cir. 2012) (quoting *Roger Miller Music, Inc. v. Sony/ATV Publ'g,* 477 F.3d 383, 395 (6th Cir. 2007)).

The Sixth Circuit has affirmed these standards, which govern the Court's consideration of Plaintiff's motion for reconsideration:

> It is well-settled that "parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued." *Roger Miller Music, Inc. v. Sony/ATV Publ'g*, 477 F.3d 383, 395 (6th Cir. 2007). Additionally, reconsideration motions cannot be used as an opportunity to re-argue a case. Furthermore, a party may not introduce evidence for the first time in a motion for reconsideration where that evidence could have been presented earlier.

*Bank of Ann Arbor v. Everest Nat. Ins. Co.*, 563 F. App'x 473, 476 (6th Cir. 2014). *See also Zucker v. City of Farmington Hills*, 643 F. App'x 555, 572 (6th Cir. 2016) ("It is also 'well-settled' law in this circuit that parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued. . . . [a]nd [n]ew arguments based on hindsight regarding how a movant would have preferred to have argued its case do not provide grounds for

3

Rule 60(b) relief.") (internal quotation marks and citations omitted).

## II. ANALYSIS

In a blatant misstatement of the Court's summary judgment rulings, Plaintiff opens her motion with the assertion that the Court committed a palpable defect by "concluding" that Plaintiff "conceded" that the water display cart was open and obvious. The Court reached no such conclusion and Plaintiff's misrepresentation of the Court's Opinion is grossly inappropriate. The Court observed that Plaintiff "apparently concedes that the display cart was open and obvious" based on the fact that Plaintiff confusingly relied principally on the special aspects doctrine, both extensively in her briefing and at oral argument, which comes into play as an exception if the condition is admittedly open and obvious. (8/8/19 Opinion and Order 15-16, PgID 720-21.) After discussing this analytical puzzlement, the Court expressly determined that "[g]iven this confusion" it was best to analyze the Plaintiff's claims under *both* the open and obvious and the special aspects doctrines. Which the Court proceeded to do – in great depth. (*Id*. at 16-28.)

Plaintiff then argues in her motion for reconsideration that the Court improperly "invaded the province of the jury by assessing credibility, finding facts, and drawing conclusions based on disputed issues," and asserts that: (1) Plaintiff and her granddaughter testified that the water display cart over which the Plaintiff tripped and

4

fell was not readily visible, creating a genuine issue of material fact for trial as to whether the water display cart was open and obvious; and (2) Plaintiff presented an expert on "human perception" who testified that floor-level impediments fall outside the peripheral visual field of a normal shopper and therefore the water display cart over which the Plaintiff tripped and fell was not readily discoverable on casual inspection, creating a genuine issue of material fact for trial as to whether or not the water display cart was open and obvious. (Pl.'s Mot. 2, PgID 737.)

The Court addressed both of these arguments at great length in its August 8, 2019 Opinion and Order. In reaching the conclusion that there were no genuine issues of material fact for trial, the Court relied on photographs and clear video evidence that captured Plaintiff's fall and also depicted multiple shoppers, in the moments before and after the Plaintiff's fall, who navigated past the water display cart without incident. The Court also considered the testimony of several witnesses, including the Plaintiff's own deposition testimony that had she been looking at the ground, maybe she would not have stumbled over the water display cart, which she was able to see clearly after she fell. (8/8/19 Opinion and Order 23-24, PgID 728-29.) The Court then analyzed this evidence and found no genuine issue of material fact for trial based on an abundance of Michigan case law granting summary judgment in similar factual scenarios. (8/8/19 Opinion and Order 16-24, PgID 721-29.) The Plaintiff's motion

for reconsideration does not cite, discuss, or attempt to distinguish a single one of the cases on which the Court relied.

Rather Plaintiff relies on *Bialick v. Meagan Mary, Inc.*, 286 Mich. App. 359 (2009), a case in which the plaintiff expressly testified that she *was* looking at the ground when she fell but did not see the puddle of liquid on which she slipped. In a footnote, the Michigan Court of Appeals rejected the defendant's argument that plaintiff's observations were irrelevant in assessing whether the condition was open and obvious, noting that the standard for determining an open and obvious condition is objective but that a plaintiff's observations "are entitled to as much consideration by the court as would be the observations of any other witness." 286 Mich. App. 602 n. 2. This Court does not dispute the Michigan Court of Appeals' conclusion that a plaintiff's observations are relevant to the issue of whether a condition is open and obvious. But nor are a plaintiff's observations dispositive. The Court's obligation on summary judgment is to review all of the evidence and determine whether there are *genuine* issues of *material* fact for trial.

Here, unlike in *Bailick*, the Plaintiff expressly testified that she *was not* looking down at the ground when she failed to observe and tripped over the water display cart. Here, the Court *did* consider Plaintiff's testimony that the water display cart was not in plain sight, and also considered Plaintiff's granddaughter's testimony that the water

6

display cart was very low to the ground and was "hazardous to walk around." (Opinion and Order 3-4, PgID 708-09.) But upon considering all of the evidence, including the undisputed photographic and video evidence, and applying the objective open and obvious test of whether "an average user of ordinary intelligence" would have discovered the presence of the water display cart, this Court concluded that there was no genuine issue of material fact that the display cart would have been discovered on casual inspection, and indeed was discovered and avoided by a number of casual observers. *Bialick* does not stand for the proposition that if the plaintiff testifies that she did not see the hazard, a genuine issue of material fact is necessarily created and summary judgment is inappropriate. In fact, the court in *Bailick* emphasized that "it is important for courts . . . to focus on the objective nature of the condition of the premises at issue, not on the subjective degree of care used by the plaintiff." 286 Mich. App. at 602.

In reaching its conclusions, the Court did consider all of the evidence, including the undisputed video and photographic evidence depicting numerous shoppers (at least one of whom approached the cart from the exact same aspect as the Plaintiff) navigating past the water display cart, and including all witness testimony, and found that based on all of the evidence no reasonable juror could conclude that the water display cart was not open and obvious. As unfortunate as it may be that Plaintiff

7

failed to observe the water display cart and tripped, there is no genuine issue of material fact based on all of the evidence that an average person with ordinary intelligence would have (indeed several did) observed the water display cart and avoided it. Plaintiff has demonstrated no palpable defect in the Court's conclusion that the water display cart was open and obvious.

The Court also declined to consider the Plaintiff's proffered testimony of a "human perception" expert who opines that ground-level impediments are *per se* imperceptible to a casual shopper. The Court refused to consider that opinion because it contradicts an abundance of Michigan case law finding that foot-level impediments can indeed be, and often are, open and obvious. (8/8/19 Opinion and Order 16-24.) The Court concluded that the proffered expert's opinion therefore would not "help the trier of fact to understand the evidence or to determine a fact in issue." (8/8/19 Opinion and Order 28-29, PgID 733-34.) The Court may properly disregard evidence proffered at summary judgment that would not be admissible at trial and Plaintiff's motion for reconsideration provides no authority that would convince the Court that an expert opinion that blatantly contradicts the governing legal standard would be admissible at trial given its inherent lack of relevance and propensity to mislead the jury. *See* Fed. R. Evid. 403, 404, 702.

Plaintiff misconstrues the Court's ruling on her proffered expert opinion, which

was based on the *substance* of the expert's testimony not on its *form*. Thus, *Alexander v. CareSource*, 576 F.3d 551, 558-59 (6th Cir. 2009), which stands for the proposition that "[t]he submissions by a party opposing a motion for summary judgment need not themselves be in a form that is admissible at trial," is not relevant and does not demonstrate a palpable defect in the Court's ruling as to Plaintiff's proffered expert opinion.

### III. CONCLUSION

The Court explained its reasoning for each of its conclusions at length in its Opinion and Order, citing ample Michigan precedent for its rulings. Plaintiff has distinguished none of that precedent. Plaintiff's motion for reconsideration "presents the same issues already ruled upon by the court," and fails to identify "a palpable defect" in the Court's Opinion that, if corrected, "will result in a different disposition of the case." Accordingly, the Motion for Reconsideration is **DENIED**.

**IT IS SO ORDERED.**

Dated: September 18, 2019    s/Paul D. Borman
                                                                                 Paul D. Borman
                                                                                 United States District Judge